

1700 G Street NW, Washington, D.C. 20552

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**VIA ECF**   January 19, 2023

Hon. Jennifer H. Rearden, United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *CFPB v. Credit Acceptance Corp.*, No. 1:23-cv-00038

Dear Judge Rearden:

    Plaintiffs Consumer Financial Protection Bureau and the New York Attorney General's Office have sued to address Defendant Credit Acceptance Corp.'s ongoing violations of state and federal law. These violations have caused—and continue to cause—serious harm to millions of financially vulnerable subprime borrowers. CAC seeks to stop this public enforcement action in its tracks based on an outlier ruling by the Fifth Circuit (as well as the Bureau's request to the Supreme Court that it correct the Fifth Circuit's error) that not even CAC claims would have any effect on *New York's* ability to press ahead with this suit. Here, New York is pursuing each of the eight counts in the complaint, all of which—in stark contrast to the *MoneyGram* case on which CAC relies—are based on statutes that clearly will be unaffected by further review of the Fifth Circuit's ruling, which concerns the Bureau's funding. This case therefore will move forward regardless of what happens in the Supreme Court. The Court should deny CAC's request.

    <u>Background</u>. CAC's motion concerns a claim that Congress violated the Appropriations Clause when it passed a law providing the Bureau with funding. *See* 12 U.S.C. § 5497. That

argument is directly contrary to the Supreme Court's holdings that the Appropriations Clause's "straightforward and explicit command" means simply that "the payment of money from the Treasury must be authorized by a statute." *OPM v. Richmond*, 496 U.S. 414, 424 (1990).

The Bureau's funding is so authorized. Not surprisingly then, every court (bar one) to have considered the Bureau's funding has upheld it. *See, e.g.*, *PHH Corp. v. CFPB*, 881 F.3d 75, 95 (D.C. Cir. 2018) (en banc), *abrogated on other grounds by Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020); *CFPB v. TransUnion*, 2022 WL 17082529, at *5 (N.D. Ill. Nov. 18, 2022); *CFPB v. Citizens Bank, N.A.*, 504 F. Supp. 3d 39, 57 (D.R.I. 2020); *CFPB v. Fair Collections & Outsourcing, Inc.*, 2020 WL 7043847, at *7-9 (D. Md. Nov. 30, 2020) (collecting cases).

The Fifth Circuit recently broke from this consensus and opined that the Bureau's funding is unconstitutional. *See Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). The Bureau has asked the Supreme Court to review and reverse that decision and to do so this term. *See* Pet. for Cert., *CFPB v. CFSA* (No. 22-448), 2022 WL 16951308. In opposing that request, CFSA has argued that if the Court takes the case, it should not decide it until next term—*i.e.*, by June 2024. *See* Resp'ts' Br. in Opp'n, *CFPB v. CFSA*. The petition is expected to be considered at the Court's February 17 conference.

CAC's letter motion, which asks this Court to halt all proceedings in this case for however long it takes the Supreme Court to resolve *CFSA*, should be denied.[1]

---

[1] CAC mentions in passing (at 1) an appeal pending in the Second Circuit, *CFPB v. Law Offices of Crystal Moroney*, No. 20-3471, but CAC has not sought a stay to await decision in that case. Presumably CAC believes this case should be stayed to await the Supreme Court's resolution of *CFSA* even if the Second Circuit were to decide *Crystal Moroney* in the near future.

Efficient proceedings. CAC's requested delay would needlessly postpone this public enforcement action without benefit to judicial economy. The Bureau's funding has no bearing on New York's ability to pursue either its claims under the Consumer Financial Protection Act (Counts I, II, and VII, brought jointly), *see generally* 12 U.S.C. § 5552, or its state-law claims (Counts III-VI and VIII). Thus, this case will move forward regardless of the outcome in *CFSA*—and CAC does not suggest otherwise. As long as that is so, there is no benefit to efficiency or the conservation of judicial resources in preventing the Bureau from continuing to press its claims as well.

For this reason, this case is utterly unlike *CFPB v. MoneyGram International, Inc.*, which the district court stayed after concluding that *CFSA* could call into question the validity of "CFPB rules and regulations [that were] integral to nearly all of [the Bureau's and New York's] claims." No. 22-cv-3256-KPF, 2022 WL 17547438, *2 (S.D.N.Y. Dec. 9, 2022). Here, none of the claims rest on regulations issued by the Bureau, so there is no similar risk that *CFSA* could impact New York's ability to pursue its claims.[2]

CAC claims (at 5) that "the proper scope of this action" will be unclear without a stay. But, again, *CFSA* will not determine whether any of Counts I-VIII move forward. It might, at most, bear on the ultimate scope of relief for Counts I, II, and VII—*i.e.*, whether those counts concern consumers nationwide or only in New York. The violations alleged in those counts,

---

[2] CAC notes (at 2 n.1) that the Bureau has agreed to stays in some other cases. The Bureau has done so, however, only within the Fifth Circuit, where *CFSA* is currently binding precedent. Outside that circuit, the Bureau has uniformly opposed requests to stay its cases based on *CFSA*. *See, e.g.*, Order, *CFPB v. Commonwealth Equity Grp., LLC*, No. 1:12-cv-10991 (D. Mass. Dec. 15, 2022), ECF No. 93 (denying opposed motion to stay Bureau action pending *CFSA*).

however, are the same inside and outside New York. Discovery into CAC's business practices therefore can and should move forward. Any concern about discovery specific to non-New York consumers—such as attempts to determine the amount of their injury—could easily be addressed by the parties themselves during the discovery process.

CAC's forthcoming motion to dismiss also does not warrant staying this case. *Contra* Mot. at 4. The parties have negotiated a briefing schedule for that motion (which they will present to the Court for approval) that would conclude in mid-June. If the Supreme Court decides *CFSA* this term and issues a ruling by June, this Court can apply the Supreme Court's ruling at that time. If the Supreme Court has not decided *CFSA* by then, this Court could choose to defer ruling on that issue to await further developments, while allowing the rest of this case to proceed. *See* Fed. R. Civ. P. 12(i). The Court could also, of course, simply choose to resolve the issue. *See TransUnion*, 2022 WL 17082529, at *5 (denying motion to dismiss and rejecting Fifth Circuit's reasoning in *CFSA*).

Moreover, if CAC intends to raise any *other*, non-funding-based arguments in a motion to dismiss, it should do so now. There would be no efficiency benefit to putting off briefing those arguments at this time when they will need to be resolved in any event because it is clear that *CFSA* has no bearing on New York's ability to pursue all eight counts in the complaint.

Harm to the public interest. "[T]he public has a strong interest in vigorous enforcement of consumer protection laws." *John Doe Co. v. CFPB*, 235 F. Supp. 3d 194, 205 (D.D.C. 2017). CAC ignores the very real harm to the public interest that would be caused by the delay it seeks.

CAC's proposed stay would mean more time in which the company could engage in its ongoing and harmful violations of law, more time in which it would not be subject to the

injunctive relief that Plaintiffs seek for the public's protection, and more time consumers would have to wait to receive redress for their injuries. And because "[d]elay inherently increases the risk that witness memories will fade and evidence will become stale," *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.*, 490 F.3d 718, 724 (9th Cir. 2007), a stay could make it harder down the road for Plaintiffs to secure any relief for consumers.

These harms would exist even if CAC's requested stay lasted only until June of this year; they would be even more significant if the respondents in *CFSA* got their way and the Supreme Court did not decide that case until next term, potentially postponing decision until June 2024.

<u>No cognizable harm to CAC</u>. "[I]f there is even a fair possibility that the stay for which [a party] prays will work damage to some one else"—as there is here—then the movant "must make out a clear case of hardship or inequity in being required to go forward" in order to justify a stay. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). CAC cannot show (and has not even tried to show) a "clear case of hardship or inequity" in litigating this case in the ordinary course.

The only burdens CAC could claim involve the normal costs of litigation. But there will always be litigation costs when a party is denied a stay. Accordingly, courts have recognized that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *CFPB v. Chou Team Realty LLC*, 2020 WL 5540179, at *3 (C.D. Cal. Aug. 21, 2020) (denying stay). And because New York's claims are unaffected by *CFSA*, CAC will bear the costs of defending this suit whether or not it receives a stay. The only question is when.

In short, the Fifth Circuit's error does not justify a potentially lengthy delay to this case in order to await a decision that may, at most, bear on the scope of relief for three out of eight counts in the complaint. The Court should deny CAC's motion and allow this action to proceed.

Respectfully submitted,

By: /s/ *Christopher L. Filburn (with consent)*  /s/ *Phillip A. Harris, Jr.*
Christopher L. Filburn                            Vanessa Buchko
*Assistant Attorney General*                      Phillip Harris
*Bureau of Consumer Frauds & Protection*          Amy Mix
*Office of New York State Attorney General*       *Enforcement Attorneys*
                                                  *Consumer Financial Protection Bureau*

28 Liberty Street, 20th Floor
New York, New York 10005                          1700 G Street, NW
Tel.: 212.416.8303                                Washington, DC 20552
Email: christopher.filburn@ag.ny.gov              Telephone (Buchko): 202-295-7246
                                                  Telephone (Harris): 202-285-7439
Attorney for Plaintiff State of New York          Telephone (Mix): 202-256-1850
Office of the Attorney General                    Fax: 202-435-7722
                                                  E-mail: Vanessa.Buchko@cfpb.gov
                                                  E-mail: Phillip.Harris@cfpb.gov
                                                  E-mail: Amy.Mix@cfpb.gov

                                                  Attorneys for Plaintiff Consumer Financial
                                                  Protection Bureau

cc: Counsel of Record (by ECF)