# Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
www.skadden.com

DIRECT DIAL
(212) 735-2702
EMAIL ADDRESS
PATRICK.RIDEOUT@SKADDEN

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2023

March 14, 2023

**BY ECF**
Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE:   *CFPB v. Credit Acceptance Corp.*, No. 23 Civ. 0038 (JHR)

Dear Judge Rearden:

We represent defendant Credit Acceptance Corporation ("Credit Acceptance") in the above-referenced action, and write pursuant to Rule 9 of Your Honor's Individual Rules and Practices in Civil Cases to request leave to file a redacted version of Exhibit A to the Declaration of Patrick G. Rideout in support of Credit Acceptance's Motion to Dismiss the Complaint, filed contemporaneously herewith. This exhibit is a motor vehicle retail installment contract and related ancillary agreements entered into by a non-party consumer, "Ms. B," and a non-party automobile dealer that is incorporated by reference in and integral to the Complaint. (*See* ECF No. 1 ¶¶ 27, 31, 42, 61-62, 82.) Plaintiffs do not oppose this request.

Credit Acceptance seeks leave to redact the following narrow categories of sensitive personal information of non-party individuals from public disclosure: (i) Ms. B's name, other than the first letter of her last name; (ii) Ms. B's phone number; (iii) the vehicle identification

number associated with Ms. B's vehicle, other than the last four digits; and (iv) the name of the dealer's sales agent.[1]

Although a general presumption exists in favor of public access to judicial documents, courts may authorize redactions, like those requested here, that are "narrowly tailored" and "essential to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). One such "higher value" is the need to protect "the privacy interests of innocent third parties." *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, 18 Civ. 2392 (RMB), 2020 WL 3170566, at *1 (S.D.N.Y. June 15, 2020) (citation omitted). This is particularly true where, as here, the information sought to be redacted "has no bearing on the Court's treatment of" Credit Acceptance's motion to dismiss. *Id.* (citation omitted); *see also KeyBank Nat'l Ass'n v. Element Transp. LLC*, 16 Civ. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("irrelevance [of information] to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption"); *accord United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Applying these principles, courts in this District regularly grant applications to redact sensitive personal information of non-party individuals. *See, e.g.*, *Chanel, Inc. v. WGACA, LLC*, 18 Civ. 2253 (LLS), 2021 WL 4777660, at *2 (S.D.N.Y. Aug. 11, 2021) (customer names and contact information); *Statoil*, 2020 WL 3170556, at *2 ("individual contact information" and "identity of a third-party contractor"); *Brower v. Acorn Advisors Grp. Holdings, LLP*, 17 Civ. 8830 (CS), 2018 WL 11415533, at *2 (S.D.N.Y. Mar. 14, 2018) ("names of two clients"); *Cohen*

---

[1] Credit Acceptance will also redact, as applicable, those categories of information identified in Rule 5.2(a) of the Federal Rules of Civil Procedure, Rule 9(A) of Your Honor's Individual Rules and Practices in Civil Cases and the Southern District of New York ECF Privacy Policy.

Hon. Jennifer H. Rearden
March 14, 2023
Page 3

*v. Gerson Lehrman Grp., Inc.*, 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) ("e-mail addresses, home addresses and phone numbers").

Thus, because the proposed narrowly tailored redactions would protect from disclosure sensitive personal information that has no bearing on Plaintiffs' claims or Credit Acceptance's motion to dismiss, we respectfully request that the Court grant Credit Acceptance leave to file Exhibit A with the identified redactions. Pursuant to Rule 9(C)(iii) of Your Honor's Individual Rules and Practices in Civil Cases and Section 6.5(a) of the Southern District of New York's Electronic Case Filing Rules & Instructions, Credit Acceptance will file a copy of Exhibit A without the proposed redactions with a "Selected Parties" Viewing Level.

Respectfully submitted,

*/s/ Patrick G. Rideout*

Patrick G. Rideout

cc:   All Counsel of Record (by ECF)

---

Defendant's letter-motion to seal Exhibit A to the March 14, 2023 Declaration of Patrick G. Rideout (ECF No. 33) is GRANTED. *See* ECF No. 36. For the reasons provided therein, Defendant's proposed redactions are "narrowly tailored" to preserving recognized privacy interests, which outweigh the public's "presumption of access" to this information. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *see United States v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995). The Clerk of Court is directed to terminate ECF No. 33.
SO ORDERED.

*/s/ Jennifer H. Rearden*
August 14, 2023