UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 1:23-CV-00038 (JHR) |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION
BY PLAINTIFF CONSUMER FINANCIAL PROTECTION
BUREAU TO WITHDRAW AS A PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 21, Plaintiff Consumer Financial Protection Bureau (Bureau) respectfully requests that this Court drop the Bureau as a Plaintiff in this action and withdraw the appearances of its counsel. Counsel for Defendant Credit Acceptance Corporation indicated that they consent to this motion. Counsel for Plaintiff the People of the State of New York by Letitia James, Attorney General for the State of New York indicated that New York does not object to this motion.

Rule 21 permits this Court "at any time, on just terms, [to] add or drop a party." Under the Rule, this Court has "broad discretion to permit a change in the parties at any stage of a litigation." *Ramirez v. Bernstein*, No. 17 CV 3825 (VB), 2020 WL 7230729, at *2 (S.D.N.Y. Dec. 7, 2020). Here, granting the Bureau's motion would be consistent with principles of justice and fairness. This request will cause no prejudice to Defendant or the remaining Plaintiff.

While the Bureau is not the sole plaintiff in this action and thus did not file a notice to dismiss the action under Federal Rule of Civil Procedure 41(a),[1] if the Court believes that the Rule 41 standard should govern, the Bureau's request to withdraw would also satisfy that rule's standards as to the Bureau's claims. *Cf. Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (holding that withdrawal of a claim under Rule 15 is subject to the same standard of review as a withdrawal under Rule 41(a)). At this early stage of litigation, where Defendant has not filed an answer or a summary judgment motion, the Bureau could dismiss the action by notice if it were the sole plaintiff. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Because the Bureau is seeking to withdraw as a Plaintiff in this action, the Bureau also seeks to withdraw the appearances of counsel who have appeared on its behalf. *See* ECF Nos. 19, 23, 24, 85.

For the foregoing reasons, the Bureau respectfully requests that this Court grant its motion to be dropped as a plaintiff and for related relief.

Dated: April 24, 2025

Respectfully submitted,

MARK PAOLETTA
Chief Legal Officer

VICTORIA DORFMAN
Senior Legal Advisor

CARA PETERSEN
Acting Enforcement Director

MICHAEL POSNER
Assistant Deputy Enforcement Director

---

[1] The Bureau did not file this motion under Rule 41 because the Bureau does not seek to dismiss the whole action. *Cf. Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) (applying Rule 21 to consider whether to drop a defendant from a case).

/s/ Vanessa Buchko
Vanessa Buchko
Phillip Harris
Amy Mix
Natalie Neill
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Buchko): 202-295-7246
Telephone (Harris): 202-285-7439
Telephone (Mix): 202-256-1850
Fax: 202-435-7722
E-mail: Vanessa.Buchko@cfpb.gov
E-mail: Phillip.Harris@cfpb.gov
E-mail: Amy.Mix@cfpb.gov
Email: Natalie.Neill@cfpb.gov

Attorneys for Plaintiff
Consumer Financial Protection Bureau