### Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2702
EMAIL ADDRESS
PATRICK.RIDEOUT@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

February 5, 2026

**BY ECF**
Hon. Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

          RE:    *New York v. Credit Acceptance Corp.*, No. 23-CV-0038 (JMF)

Dear Judge Furman:

On behalf of Defendant Credit Acceptance Corporation ("Credit Acceptance") and with the consent of the Office of the New York State Attorney General ("OAG"), we write pursuant to the Court's Order dated January 29, 2026 (ECF No. 88) to provide a joint update on the status of the case. In light of the parties' ongoing settlement discussions (detailed further below), the parties respectfully request a 60-day adjournment of all proceedings in this case, including those concerning Credit Acceptance's pending motion to dismiss and any decision thereon (ECF No. 74), to allow the parties to continue those discussions.

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket.**

The docket accurately reflects the names of counsel and their current contact information.

2. **A brief statement of the nature of the case and/or the principal defenses thereto.**

This case was originally filed jointly by the Consumer Financial Protection Bureau (the "CFPB") and the People of the State of New York through the OAG. (*See* ECF No. 1, the "Complaint.") Plaintiffs alleged that Credit Acceptance engaged in deceptive and abusive acts or practices in violation of the Consumer

Hon. Jesse M. Furman
February 5, 2026
Page 2

Financial Protection Act of 2010 ("CFPA") in connection with certain consumer automobile purchases that Credit Acceptance allegedly indirectly financed, and that Credit Acceptance further violated the CFPA by purportedly providing substantial assistance to automobile dealers in connection with certain alleged deceptive practices. (*Id.* ¶ 11.) Based on the same alleged conduct, the OAG also alleged that Credit Acceptance violated New York Executive Law § 63(12), New York General Business Law § 349, and the New York Martin Act. (*Id.* ¶¶ 12-13.)

Credit Acceptance moved to dismiss the Complaint for failure to state a claim upon which relief can be granted because, among other reasons, it contends that the Complaint is irreconcilable with the existing statutory framework and fails to allege that Credit Acceptance engaged in any actual unlawful conduct. (*See* ECF Nos. 74, 75, 82.) *Amicus curiae* have filed briefs on both sides of Credit Acceptance's motion. (*See* ECF Nos. 76, 80.)

After Credit Acceptance's motion was fully briefed, the CFPB moved to withdraw as a plaintiff (ECF No. 86), and Judge Rearden granted that motion on April 29, 2025. (ECF No. 87.) As detailed further below, since the CFPB withdrew from the case, Credit Acceptance and the OAG have continued to explore whether this case can be resolved by settlement.

### 3. A brief explanation of why jurisdiction and venue lie in this Court.

The Complaint alleges that this Court has subject-matter jurisdiction over this action because it is brought under "federal consumer financial law," 12 U.S.C. § 5565(a)(1), and presents a federal question, 28 U.S.C. § 1331. (Compl. ¶ 14.) The Complaint further alleges that venue is proper in this district because a substantial amount of the transactions, acts, practices, and courses of conduct at issue allegedly occurred in this district and because Credit Acceptance conducts business in this district. 28 U.S.C. § 1391(b)(2); 12 U.S.C. § 5564(f). (*See* Compl. ¶ 16.)

### 4. A statement of all existing deadlines, due dates, and/or cut-off dates.

There are currently no existing deadlines, due dates, and/or cut-off dates.

### 5. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed.

None.

Hon. Jesse M. Furman
February 5, 2026
Page 3

**6.     A brief description of any other outstanding motions, including the date of the motion and the nature of the relief sought.**

The only outstanding motion is Credit Acceptance's pending motion to dismiss the Complaint for failure to state a claim (ECF No. 74), which Credit Acceptance filed on August 14, 2024, and which has been fully briefed since October 29, 2024.  Credit Acceptance filed a prior motion to dismiss the Complaint for failure to state a claim on March 14, 2023 (ECF No. 34), which was fully briefed on June 14, 2023 (ECF No. 58) and subsequently terminated by the Court for revised briefing on July 1, 2024 (ECF No. 71).

**7.     A statement and description of any pending appeals.**

None.

**8.     A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations.**

The parties have not yet engaged in discovery in this case, particularly considering Credit Acceptance's pending dispositive motion.  This action was preceded by yearslong, independent investigations conducted by the CFPB and OAG, and, thus, at this time, the parties do not believe that any additional discovery is necessary to facilitate meaningful settlement negotiations, which have been ongoing.

**9.     A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

The OAG preceded this action with a civil investigation that it initiated through a subpoena served on or around May 7, 2019.  Since that time, the OAG and Credit Acceptance have had numerous meetings to discuss potential resolution of the issues that culminated in the Complaint.  Over the past year, the parties have had substantial settlement discussions to determine whether this case can be resolved, either individually or as part of a broader global resolution of a separate pending multi-state investigation.  Since the withdrawal of the CFPB as plaintiff, those discussions have included full-day settlement meetings on:  (i) May 5, 2025, in Chicago, Illinois; (ii) July 10, 2025, in Southfield, Michigan; and (iii) January 8, 2026, in New York, New York.  Credit Acceptance, the OAG, and representatives of the agencies involved in the multi-state investigation have reached preliminary

Hon. Jesse M. Furman
February 5, 2026
Page 4

alignment on certain material terms of a potential settlement, and settlement discussions remain ongoing.

**10.   A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate.**

As noted above, the parties have engaged in significant settlement discussions without the use of alternate dispute resolution. At this time, the parties do not believe that such mechanisms will incrementally benefit the parties' ongoing settlement discussions.

**11.   An estimate of the length of trial.**

In light of the CFPB's withdrawal from this case, the parties may disagree as to whether the OAG may pursue the claims pleaded in the Complaint, or if it must file an amended complaint that is tailored to New York-specific allegations. Accordingly, at this time, the parties are unable to estimate the length of trial in this case, should some or all of the OAG's claims survive dispositive motion practice.

**12.   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

As noted above, the parties respectfully submit that a 60-day adjournment of all proceedings in this case, including with respect to any decision on Credit Acceptance's pending motion to dismiss, will maintain the *status quo* and allow the parties to continue to pursue a potential settlement and build upon their preliminary alignment on certain material terms. Should settlement negotiations be unsuccessful, Credit Acceptance and the OAG will confer on how the case should proceed, including with respect to any amended pleadings. The parties respectfully request the opportunity to provide another status update to the Court in 60 days. Such an adjournment would not affect any existing deadlines in the case.

Hon. Jesse M. Furman
February 5, 2026
Page 5

Respectfully submitted,

/s/ Patrick G. Rideout

Patrick G. Rideout

cc: All counsel of record (by ECF)

The Court commends the parties on their efforts to resolve this case. To facilitate that resolution, the Court will defer ruling on the pending motions. In light of that, the Court will terminate the motions; if the parties' efforts at settlement fail, and a decision on the motions is necessary, the Court will restore them to the active calendar. No later than **April 6, 2026**, the parties shall file a joint status letter proposing next steps if no settlement has been reached by that date. The Clerk of Court is directed to terminate ECF Nos. 74 and 83.

SO ORDERED.

February 6, 2026